**SO ORDERED.**

**DONE and SIGNED August 6, 2014.**



_____
STEPHEN V. CALLAWAY
UNITED STATES BANKRUPTCY JUDGE
_____

IN THE UNITED STATES BANKRUPTCY COURT
Western District of Louisiana
Shreveport Division

| | | |
|---|---|---|
| **In the Matter of**: | } | |
| | } | Case No. 14-10427 |
| Prince Preferred Hotels Shreveport 2, LLC | } | Chapter 11 |
| | } | |
| **Debtor** | } | |

### FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER UNDER 11 U.S.C. § 1129 CONFIRMING <u>DEBTOR'S THIRD AMENDED PLAN OF REORGANIZATION</u>

WHEREAS, on June 19, 2014, Prince Preferred Hotels Shreveport 2, LLC (the "Debtor")[1], debtor and debtor-in-possession in the above-referenced case, filed the *Debtor's Plan of Reorganization* [Docket No. 114] and the *Disclosure Statement in Support of Debtor's Plan of Reorganization* (the "Disclosure Statement") [Docket No. 113]; and

---

[1] All defined terms not defined herein shall have the meanings ascribed to them in the Debtor's Third Amended Plan of Reorganization.

**FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER UNDER 11 U.S.C. § 1129 CONFIRMING DEBTOR'S THIRD AMENDED PLAN OF REORGANIZATION - Page 1**

WHEREAS, on July 16, 2014, the Debtor filed the *Debtor's First Amended Plan of Reorganization* [Docket No. 136] and the *Addendum to Disclosure Statement in Support of Debtor's Plan of Reorganization* ("Addendum to Disclosure Statement") [Docket No. 135]; and

WHEREAS, on July 16, 2014, this Court entered the *Order Granting Debtor's Motion to Expedite Confirmation Hearing and Shorten Related Notice Periods* (the "Pre-Confirmation Procedures Order") [Docket No. 133]; and

WHEREAS, on July 17, 2014, this Court entered the *Order Approving Debtor's Disclosure Statement,* [Docket No. 138]; and

WHEREAS, on July 16, 2014, and in accordance with the Pre-Confirmation Procedures Order, the Debtor caused the Pre-Confirmation Procedures Order, Ballot, Disclosure Statement, Addendum to Disclosure Statement, *Debtor's First Amended Plan of Reorganization* and *Notice of Confirmation Hearing and Notice of Voting and Objection Deadlines* (the "Solicitation Package") to be transmitted to holders of Claims in all Classes for the Debtor; and

WHEREAS, on August 5, 2014, the Debtor filed the *Debtor's Second Amended Plan of Reorganization* [Docket No. 145]; and

WHEREAS, on August 6, 2014, the Debtor filed the *Debtor's Third Amended Plan of Reorganization* (the "Plan") [Docket No. 147]; and

WHEREAS, pursuant to Bankruptcy Code Section 1128(a), the Court held a hearing on August 6, 2014 (the "Confirmation Hearing"), which hearing was to consider confirmation of the Plan; and

WHEREAS, the Debtor, at the Confirmation Hearing, provided the Court with a tabulation of the votes submitted by the holders of all Classes of Claims (the "Voting Tabulation"); and

**FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER UNDER 11 U.S.C. § 1129 CONFIRMING DEBTOR'S THIRD AMENDED PLAN OF REORGANIZATION - Page 2**

14-10427 - #154  File 08/06/14  Enter 08/07/14 13:49:03  Main Document  Pg 2 of 17

WHEREAS, all objections to the Plan were resolved; and

WHEREAS, at the Confirmation Hearing the testimony of Sunil A. Tolani was offered in support of the Plan via proffered affidavit; and

NOW THEREFORE, based upon the Court's review and consideration of (i) the submissions previously filed with the Court; (ii) the record of the Confirmation Hearing (including all of the evidence offered or adduced at the hearing, any declarations, pleadings, briefs, memoranda and other submissions filed in connection therewith, and the arguments and announcements of counsel made at the hearing, or any prior hearings); and (iii) the record in this Chapter 11 Case; and after due deliberation thereon, and good cause appearing therefore,

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

**THE COURT FINDS AND CONCLUDES THAT:**[2]

1. <u>Exclusive Jurisdiction: Venue, Core Proceeding- 28 U.S.C. §§ 157(b)(2) and 1334(a)</u>.  This Court has jurisdiction over this Chapter 11 Case pursuant to 28 U.S.C §§ 157 and 1334.  Venue is proper under 28 U.S.C. §§ 1408 and 1409.  Confirmation of the Plan is a core proceeding under 28 U.S.C. 157(b)(2), and this Court has exclusive jurisdiction to determine whether the Plan complies with the applicable provisions of the Bankruptcy Code and should be confirmed.

2. <u>Burden of Proof</u>.  The Debtor has the burden of proving the elements of Bankruptcy Code Sections 1129(a) by a preponderance of the evidence.

3. <u>Transmittal and Mailing of Materials: Notice</u>.  Due, adequate, and sufficient notice of the Pre-Confirmation Procedures Order, the Disclosure Statement, the Plan, the Ballot, and the Confirmation Hearing, along with deadline to accept or reject the Plan and the deadline to object

---

[2] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. *See* Fed. R. Bankr. P. 7052.

**FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER UNDER 11 U.S.C. § 1129 CONFIRMING DEBTOR'S THIRD AMENDED PLAN OF REORGANIZATION - Page 3**

to the Plan, has been given to all known holders of Claims in accordance with the Bankruptcy Code and/or the Bankruptcy Rules, including, but not limited to, Fed. R. Bankr. P. 2002 and 3017, and the procedures set forth in the Pre-Confirmation Procedures Order and further orders of the Court.

4. <u>Solicitation</u>. Votes for acceptance or rejection of the Plan were solicited in good faith and in compliance with Bankruptcy Code Sections 1125 and 1126, Bankruptcy Rules 3017 and 3018, the Disclosure Statement, the Pre-Confirmation Procedures Order, all other applicable provisions of the Bankruptcy Code, all other rules, laws, and regulations, the procedures set forth in the Pre-Confirmation Procedures Order and further orders of the Court..

5. <u>Good Faith Solicitation—11 U.S.C. § 1125(e)</u>. Based on the record before the Court in this Chapter 11 Case, the Debtor and its directors, officers, employees, agents, advisors, accountants, consultants, attorneys, and other representatives have acted in good faith within the meaning of Bankruptcy Code Section 1125(e) in compliance with the applicable provisions of the Bankruptcy Code and Bankruptcy Rules in connection with all of their respective activities relating to the solicitation of acceptances to and consents to the treatment afforded under the Plan and their participation in the activities described in Bankruptcy Code Section 1125.

6. <u>Distribution</u>. All procedures used to distribute the Solicitation Packages to the applicable holders of Claims were fair and conducted in accordance with the Disclosure Statement Order, the Bankruptcy Code, the Bankruptcy Rules, and any other applicable rules, laws, and regulations.

7. <u>Impaired Classes Have Voted to Accept the Plan</u>. As evidenced by the record established at the Confirmation Hearing, which, *inter alia*, sets forth the voting results on the

**FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER UNDER 11 U.S.C. § 1129 CONFIRMING DEBTOR'S THIRD AMENDED PLAN OF REORGANIZATION - Page 4**

14-10427 - #154  File 08/06/14  Enter 08/07/14 13:49:03  Main Document  Pg 4 of 17

Plan, impaired Classes have voted to accept the Plan in accordance with the requirements of Sections 1124, 1126 and 1129(a)(10) of the Bankruptcy Code.

8.      <u>Modifications To The Plan</u>.  The modifications and amendments in the Plan set forth on the record at the Confirmation Hearing, or made by this Confirmation Order, do not materially and adversely affect or change the treatment of any creditor who has not accepted such modifications.  Accordingly, pursuant to Fed. R. Bankr. P. 3019, such modifications do not require additional disclosure under Bankruptcy Code Section 1125 or re-solicitation of acceptances or rejections under Bankruptcy Code Section 1126, nor do they require that holders of claims not accepting such modifications be afforded an opportunity to change previously cast acceptances or rejections of the Plan.  Disclosure of the modifications on the record at the Confirmation Hearing constitutes due and sufficient notice thereof under the circumstances of this Chapter 11 Case.  Accordingly, pursuant to Bankruptcy Code Section 1127 and Bankruptcy Rule 3019, all holders of Claims that have accepted or are conclusively deemed to have accepted the Plan are deemed to have accepted such modifications to the Plan.

9.      <u>Plan Compliance with Bankruptcy Code – 11 U.S.C. § 1129(a)(1)</u>.  The Plan complies with any and all applicable provisions of the Bankruptcy Code and the Bankruptcy Rules, thereby satisfying 11 U.S.C. § 1129(a)(1).  The following constitute additional findings by the Court regarding compliance with the applicable provisions of the Bankruptcy Code and the Bankruptcy Rules; provided, however, that the omission or exclusion of a specific finding herein does not constitute a finding that the Debtor has not complied with any and all applicable provisions of the Bankruptcy Code and the Bankruptcy Rules:

   a.    <u>Proper Classification 11 U.S.C. §§ 1122 and 1123(a)(1)</u>.  In addition to Administrative Claims and Priority Tax Claims, which need not be classified, the Plan designates eight (8) Classes of Claims (Classes 1-8) against the Debtor.  The Claims placed in each Class are

**FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER UNDER 11 U.S.C. § 1129 CONFIRMING DEBTOR'S THIRD AMENDED PLAN OF REORGANIZATION - Page 5**

14-10427 - #154   File 08/06/14   Enter 08/07/14 13:49:03   Main Document   Pg 5 of 17

substantially similar to other Claims in each such Class, and such classification is therefore consistent with Bankruptcy Code Section 1122. Valid business, factual, and legal reasons exist for separately classifying the various Classes of Claims created under the Plan, and such Classes and the Plan's treatment thereof do not unfairly discriminate between holders of Claims. The Plan satisfies Bankruptcy Code Sections 1122 and 1123(a)(1).

b. <u>Specification of Classes Not Impaired under the Plan 11 U.S.C. § 1123(a)(2)</u>. Article III of the Plan specifies any class of claims or interests that is not impaired under the Plan. The Plan satisfies Bankruptcy Code Section 1123(a)(2).

c. <u>Specified Treatment of Impaired Classes—11 U.S.C. §1123(a)(3)</u>. Article V of the Plan specifies the treatment of the impaired Classes of Claims thereby satisfying Bankruptcy Code Section 1123(a)(3).

d. <u>No Discrimination—11 U.S.C. § 1123(a)(4)</u>. The Plan either provides the same treatment for each Claim within each respective Class or the holder of a particular claim or interest has agreed to a less favorable treatment of his/her/its particular claim or interest, thereby satisfying Bankruptcy Code Section 1123(a)(4).

e. <u>Implementation of the Plan—11 U.S.C. § 1123(a)(5)</u>. Article VI of the Plan provides adequate and proper means for implementing the Plan. Pursuant to section 1123(a)(5) of the Bankruptcy Code, Article 6.1 provides that the Reorganized Debtor shall continue operating the hotel Property following the Effective Date, and shall be required to dedicate sufficient revenues to fund all obligations contained in the Plan. Further, Article 6.3 provides that the entry of the Confirmation Order shall constitute authorization for the Reorganized Debtor to take any actions necessary to implement the Plan. Thus, Section 1123(a)(5) of the Bankruptcy Code is satisfied. Other articles of the Plan provide means for implementation of the Plan as well. For example, Article VII provides for the treatment of executory contracts and unexpired leases; Article VIII provides for the resolution of undetermined claims, Article IX provides for distribution procedures and Article X provides for modifications to the plan. Article XI provides for the continuing jurisdiction over matters arising out of or related to this Chapter 11 Case and the Plan.

f. <u>Charter of the Debtor—11 U.S.C. § 1123(a)(6)</u>. Section 6.3 of the Plan satisfies Section 1123(a)(6) by providing authority for the inclusion in the Debtor's charter a provision prohibiting the issuance of nonvoting equity securities, and providing, as to any classes of

**FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER UNDER 11 U.S.C. § 1129 CONFIRMING DEBTOR'S THIRD AMENDED PLAN OF REORGANIZATION - Page 6**

14-10427 - #154  File 08/06/14  Enter 08/07/14 13:49:03  Main Document  Pg 6 of 17

securities possessing voting power, an appropriate distribution of such power among such classes, including adequate provisions for the election of directors in the event of default in the payment of dividends.

      g.    <u>Selection of Officers and Directors—11 U.S.C. § 1123(a)(7)</u>.  The Debtor properly and adequately discloses the Reorganized Debtor's post-confirmation management in Section 6.2 of the Plan, stating that upon the Effective Date, the Reorganized Debtor shall continue to be managed by its managing member, Sunil A. Tolani, thereby satisfying Bankruptcy Code Section 1123(a)(7).

      h.    <u>Additional Plan Provisions—11 U.S.C. § 1123(b)</u>.  The Plan's provisions are appropriate and not inconsistent with the applicable provisions of the Bankruptcy Code.

10.    <u>Identification of Plan Proponents—Fed. R. Bankr. P. 3016(a)</u>.  The Plan satisfies Bankruptcy Rule 3016(a) by identifying the date of the Plan and the proponent of the Plan.

11.    <u>Plan Injunction – Fed. R. Bankr. P. 3016(c) and 3016(f)</u>.  The Plan satisfies Bankruptcy Rule 3016(c) by describing in specific and conspicuous language all acts to be enjoined and identifying the entities that would be subject to the Plan injunction.  There are no entities that would be subject to the injunction that are not Creditors or Equity Interest holders, therefore Fed. R. Bankr. P. 3016(f) is inapplicable.

12.    <u>The Debtor's Compliance with the Bankruptcy Code—11 U.S.C. § 1129(a)(2)</u>.  The Debtor has complied with the applicable provisions of the Bankruptcy Code, thereby satisfying Bankruptcy Code Section 1129(a)(2).  Specifically, the Debtor offered the testimony of Sunil A. Tolani, the Debtor's sole member who is familiar with the Debtor's business.

13.    <u>Plan Proposed in Good Faith—11 U.S.C. § 1129(a)(3)</u>.  The Debtor has proposed the Plan in good faith and not by any means forbidden by law, thereby satisfying Bankruptcy Code Section 1129(a)(3).  This Court has examined the totality of the circumstances surrounding the formulation of the Plan.  Based upon the evidence presented at the Confirmation Hearing, the

**FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER UNDER 11 U.S.C. § 1129 CONFIRMING DEBTOR'S THIRD AMENDED PLAN OF REORGANIZATION - Page 7**

14-10427 - #154  File 08/06/14  Enter 08/07/14 13:49:03  Main Document  Pg 7 of 17

Court finds and concludes that the Plan has been proposed with the legitimate and honest purpose of effectively reorganizing the Debtor and maximizing the recovery to creditors in accordance with the priorities set forth in the Bankruptcy Code.

14. <u>Payment for Services or Costs and Expenses—11 U.S.C. § 1129(a)(4)</u>. Any payments made or to be made by the Debtor for services or for costs and expenses in connection with this case have been approved by, or are subject to the approval of, the Court as reasonable, thereby satisfying Bankruptcy Code Section 1129(a)(4).

15. <u>Identification of Directors, Officers, and Insiders —11 U.S.C. § 1129(a)(5)</u>. The Debtor has complied with Bankruptcy Code Section 1129(a)(5) by disclosing the identity and affiliations of any individual proposed to serve, after confirmation of the Plan, as a director or officer of the Reorganized Debtor.

16. <u>No Rate Changes—11 U.S.C. § 1129(a)(6)</u>. No governmental regulatory commission has jurisdiction over rates of the Debtor after confirmation of the Plan. Thus, Bankruptcy Code Section 1129(a)(6) is not applicable in this Chapter 11 Case.

17. <u>Best Interests of Creditors Test—11 U.S.C. § 1129(a)(7)</u>. The Plan satisfies Bankruptcy Code Section 1129(a)(7). The Disclosure Statement, Plan, and evidence adduced at the Confirmation Hearing (i) are persuasive, credible and accurate as of the dates such evidence was prepared, presented, or offered; (ii) either have not been controverted by other persuasive evidence or have not been challenged; (iii) are based upon reasonable and sound assumptions; (iv) provide a reasonable estimate of the liquidation value of the Debtor's assets upon conversion to a chapter 7 proceeding; and (v) establish that each holder of a Claim in an impaired Class will receive or retain under the Plan, on account of such Claim, property of a value, as of the

**FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER UNDER 11 U.S.C. § 1129 CONFIRMING DEBTOR'S THIRD AMENDED PLAN OF REORGANIZATION - Page 8**

14-10427 - #154  File 08/06/14  Enter 08/07/14 13:49:03  Main Document  Pg 8 of 17

Effective Date of the Plan, that is not less than the amount that it would receive if the Debtor was liquidated under chapter 7 of the Bankruptcy Code on such date.

18. <u>Treatment of Administrative, Other Priority Claims and Priority Tax Claims—11 U.S.C. § 1129(a)(9)</u>. The treatment of Administrative Claims and Priority Tax Claims under the Plan satisfies the requirements of Bankruptcy Code Sections 1129(a)(9)(A) and (C).

19. <u>Acceptance by Impaired Classes—11 U.S.C. § 1129(a)(10)</u>. At least one Class of Claims that is impaired under the Plan has accepted the Plan thereby satisfying Bankruptcy Code Section 1129(a)(10).

20. <u>Feasibility—11 U.S.C. § 1129(a)(11)</u>. The Plan satisfies the feasibility requirement of Section 1129(a)(11) of the Bankruptcy Code. Specifically, the Plan is not likely to be followed by liquidation or need for further reorganization.

21. <u>Payment of Fees—11 U.S.C. § 1129(a)(12)</u>. All fees payable under 28 U.S.C. § 1930 on or before the Effective Date, as determined by the Court, have been paid or will be paid on the Effective Date pursuant to the Plan, thus satisfying the requirements of Bankruptcy Code Section 1129(a)(12).

22. <u>Continuation of Retiree Benefits—11 U.S.C. § 1129(a)(13)</u>. The Debtor does not have any retiree benefits to be continued under the Plan. Thus, Bankruptcy Code Section 1129(a)(13) is not applicable to the Debtor.

23. <u>Transfers of Property—11 U.S.C. § 1129(a)(16)</u>. The Debtor does not propose any transfers of property under the Plan. Thus, Bankruptcy Code Section 1129(a)(16) is not applicable to the Debtor.

24. <u>11 U.S.C. § 1129(b)</u>. At least one impaired class has voted to accept the Plan, and the Plan does not discriminate unfairly as it is fair and equitable with respect to each class of

**FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER UNDER 11 U.S.C. § 1129 CONFIRMING DEBTOR'S THIRD AMENDED PLAN OF REORGANIZATION - Page 9**

14-10427 - #154  File 08/06/14  Enter 08/07/14 13:49:03  Main Document  Pg 9 of 17

claims or interests that is impaired under, and has not accepted, the Plan. Therefore, the "cramdown" provisions of 11 U.S.C. § 1129(b) have been met. Upon confirmation and the occurrence of the Effective Date, the Plan shall be binding upon: (a) the Debtor, (b) all holders of Claims against the Debtor, whether or not impaired under the Plan and whether or not, if impaired, such holders accepted the Plan, (c) any other party in interest, (d) any Person making an appearance in this Chapter 11 Case, and (e) each of the foregoing's respective heirs, successors, assigns, trustees, executors, administrators, affiliates, officers, directors, agents, representatives, attorneys, beneficiaries, or guardians.

25. <u>Notice of Assumption of Leases</u>. Based on the record, and the representations of the counsel at the Confirmation Hearing, each entity whose lease is to be assumed pursuant to this Order, has been given adequate notice of the Debtor's intent to assume such leases.

26. <u>Satisfaction of Confirmation Requirements</u>. The Plan satisfies the requirements for confirmation set forth in Bankruptcy Code Section 1129.

27. <u>Objections</u>. All timely objections to the Plan were withdrawn, settled, or overruled.

**DECREES**

ACCORDINGLY, THE COURT HEREBY ORDERS THAT:

1. <u>Confirmation of the Plan</u>. The Plan, which consists of the Plan and modifications set forth in this Confirmation Order or on the record at the Confirmation Hearing, is approved and confirmed under Bankruptcy Code Section 1129 in its entirety. The terms of the Plan are incorporated by reference into and are an integral part of this Confirmation Order.

**FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER UNDER 11 U.S.C. § 1129 CONFIRMING DEBTOR'S THIRD AMENDED PLAN OF REORGANIZATION - Page 10**

14-10427 - #154   File 08/06/14   Enter 08/07/14 13:49:03   Main Document   Pg 10 of 17

2. *Objections*. Any objections that have not been withdrawn, waived, or settled, and all reservations of rights pertaining to confirmation of the Plan included therein, are overruled on the merits.

3. *Approval of Plan Modifications*. The modifications, if any, set forth on the record in the Plan are approved. The Plan, as so modified, shall constitute the Plan and all references herein to the Plan shall mean the Plan as so modified.

4. *Effects of Confirmation; Effectiveness; Successors and Assigns*. The Court directs that Fed. R. Civ. P. 62(a) and the stay provided by Bankruptcy Rule 3020(e) shall not apply to this Confirmation Order, and the Court authorizes the Debtor to consummate the Plan after entry of this Confirmation Order. Subject to the occurrence of the Effective Date, and notwithstanding any otherwise applicable law, immediately upon the entry of this Confirmation Order, the terms of the Plan and this Confirmation Order shall be binding on (a) the Debtor, (b) all holders of Claims against the Debtor, whether or not impaired under the Plan and whether or not, if impaired, such holders accepted the Plan, (c) any other party in interest, (d) any Person making an appearance in this Chapter 11 Case, and (e) each of the foregoing's respective heirs, successors, assigns, trustees, executors, administrators, affiliates, officers, directors, agents, representatives, attorneys, beneficiaries, or guardians.

5. *Releases and Exculpation*. The releases and exculpation provisions set forth in Article XIII of the Plan are incorporated into this Confirmation Order as if set forth in full herein and are hereby approved in their entirety, and are subject to any other terms of the Plan.

6. *Injunction Against Interference with the Plan*. Pursuant to Article 13.9 of the Plan, upon the entry of the Confirmation Order, all Creditors and persons acting in concert with them are enjoined and restrained pursuant to Section 105 of the Bankruptcy Code from taking

**FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER UNDER 11 U.S.C. § 1129 CONFIRMING DEBTOR'S THIRD AMENDED PLAN OF REORGANIZATION - Page 11**

14-10427 - #154　File 08/06/14　Enter 08/07/14 13:49:03　Main Document　Pg 11 of 17

any action to collect or enforce any Claim directly or indirectly against the Reorganized Debtor in any manner inconsistent with the terms contained in the Plan, unless expressly provided otherwise in the Plan.

7.  <u>Temporary Injunctive Relief</u>.  Section 13.9 of the Plan provides for an injunction against conduct not otherwise enjoined under the Bankruptcy Code.  Section 13.9 provides specifically,

> Except as provided herein, on and after the Confirmation Date, all Creditors and persons acting in concert with them are enjoined and restrained pursuant to Section 105 of the Code from taking any action to correct or enforce any Claim directly or indirectly against the Reorganized Debtor in any manner inconsistent with the terms contained in the Plan. The discharge granted by this Plan voids any judgment at any time obtained with respect to any debt discharged.
>
> **ABSENT FURTHER COURT ORDER UPON NOTICE AND HEARING, THE EXCLUSIVE REMEDY FOR PAYMENT OF ANY CLAIM OR DEBT ADDRESSED IN THIS PLAN, SO LONG AS THE PLAN IS NOT IN DEFAULT, SHALL BE THE PLAN AND ALL PARTIES CLASSIFIED IN AND UNDER ARTICLES 4 AND 5 HEREIN ARE ENJOINED FROM TAKING ANY ACTION INCONSISTENT HEREWITH, INCLUDING, BUT NOT LIMITED TO, ANY ACTION TO PROSECUTE OR COLLECT ANY DEBT OR CLAIM AGAINST ANY GUARANTOR, INSIDERS, OFFICER, DIRECTOR, EMPLOYEE OR INTEREST HOLDER. TO THE EXTENT NECESSARY, ANY APPLICABLE STATUTE OF LIMITATIONS AGAINST COLLECTION FROM ANY THIRD PARTY IS SPECIFICALLY TOLLED FROM THE PERIOD OF TIME FROM THE PETITION DATE UNTIL THE DATE UPON WHICH THE DEBTOR FAILS TO CURE ANY WRITTEN NOTICE OF DEFAULT AS SET FORTH IN THE PLAN AND/OR IN ANY APPLICABLE LOAN DOCUMENTS.**

These provisions are set forth herein in satisfaction of Bankruptcy Rule 3020(e).

8.  <u>Plan Implementation Authorization</u>.  Pursuant to Article 6.4 of the Plan, all necessary documents for the implementation of the Plan shall be executed by all necessary parties in interest on or before the Effective Date, unless an earlier date is provided for in a particular document under the Plan.

**FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER UNDER 11 U.S.C. § 1129 CONFIRMING DEBTOR'S THIRD AMENDED PLAN OF REORGANIZATION - Page 12**

9. <u>Binding Effect</u>.  On the Effective Date, except as expressly provided in this Confirmation Order, the Plan and its provisions shall be binding upon the (a) Debtor; (b) all present and future holders of Claims, including all governmental entities, whether or not the Claim of such holder is impaired under the Plan and whether or not such holder or entity has accepted the Plan; (c) any other party in interest; (d) any person making an appearance in this Chapter 11 Case; and (e) any of the foregoing's heirs, successors, assigns, trustees, executors, administrators, affiliates, directors, agents, representatives, attorneys, beneficiaries, or guardians.

10. <u>Assumption or Rejection of Executory Contracts and Unexpired Leases—11 U.S.C. § 1123(b)(2)</u>.  Pursuant to Article 7.1 of the Plan, all executory contracts and unexpired leases to which the Debtor is a party shall be assumed on the ninety-first (91st) day after the Confirmation Date, unless such executory contract or unexpired lease has been previously rejected, or is subject to a pending motion to assume as of the Confirmation Date.

11. <u>Rejection Damage Claims</u>.  Pursuant to Article 7.3 of the Plan, any Claims based upon rejection of an executory contract or unexpired lease shall be forever barred and shall not be enforceable against the Debtor, unless a proof of claim is filed with the Bankruptcy Court and served on the Reorganized Debtor such that it actually receives the proof of claim within thirty (30) calendar days of entry of an order rejecting such contract or lease.

12. <u>Reservation of Rights Regarding Executory Contracts and Unexpired Leases</u>: Pursuant to 7.4 of the Plan, the Debtor has the right to file applications for the assumption or rejection of any executory contract or unexpired lease at any time prior to ninety (90) days after the Confirmation Date.

13. <u>Governmental Approvals Not Required</u>.  This Confirmation Order shall constitute all approvals and consents required, if any, by the laws, rules, or regulations of any State or any

**FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER UNDER 11 U.S.C. § 1129 CONFIRMING DEBTOR'S THIRD AMENDED PLAN OF REORGANIZATION - Page 13**

14-10427 - #154  File 08/06/14  Enter 08/07/14 13:49:03  Main Document  Pg 13 of 17

other governmental authority with respect to implementation or consummation of the Plan and any documents, instruments, or agreements, and any amendments or modifications thereto, and any other acts referred to in or contemplated by the Plan, the Disclosure Statement and any documents, instruments, or agreements, and any amendments or modifications thereto.

14. <u>Exemption from Certain Taxes</u>. Pursuant to Section 1146(c) of the Bankruptcy Code, any transfers contemplated by the Plan shall not be subject to any stamp tax, transfer tax, or similar tax.

15. <u>Late-Filed Claims</u>. All claims subject to and filed after the Bar Date are hereby disallowed.

16. <u>Resolution of Claims</u>. Except as otherwise ordered by the Court, any Claim that is not an Allowed Claim shall be determined, resolved, or adjudicated in accordance with the terms of the Plan. All objections to Claims shall be filed with the Court within ninety (90) days from the Effective Date, and a copy of the objection shall be served upon the Holder of the Claim to which the such objection pertains. Any request for an extension period to object to Claims need be served only upon the creditors involved and the United States Trustee.

17. <u>Payment of Fees</u>. All fees payable by the Debtor under 28 U.S.C. § 1930 shall be paid on the later of the Effective Date or the due date.

18. <u>Reversal</u>. If any or all of the provisions of this Confirmation Order are hereafter reversed, modified, or vacated by subsequent order of this Court or any other court, such reversal, modification, or vacatur shall not affect the validity of the acts or obligations incurred or undertaken under or in connection with the Plan prior to the Debtor's receipt of written notice of any such order. Notwithstanding any such reversal, modification, or vacatur of this Confirmation Order, any such act or obligation incurred or undertaken pursuant to, and in

**FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER UNDER 11 U.S.C. § 1129 CONFIRMING DEBTOR'S THIRD AMENDED PLAN OF REORGANIZATION - Page 14**

14-10427 - #154 File 08/06/14 Enter 08/07/14 13:49:03 Main Document Pg 14 of 17

reliance on, this Confirmation Order prior to the effective date of such reversal, modification, or vacatur shall be governed in all respects by the provisions of this Confirmation Order and the Plan or any amendments or modifications thereto.

19. <u>Retention of Jurisdiction</u>. Pursuant to Bankruptcy Code Sections 105(a) and 1142, and notwithstanding the entry of this Confirmation Order or the occurrence of the Effective Date, the Court shall retain exclusive jurisdiction as provided in Article XI of the Plan.

20. <u>Notice of Entry of Confirmation Order</u>. The Debtor shall serve notice of entry of this Confirmation Order pursuant to Bankruptcy Rules 2002(f)(7), 2002(k), and 3020(c) on all creditors, the United States Trustee and other parties in interest, by causing notice of entry of this Confirmation Order to be delivered to such parties by first-class mail, postage prepaid.

21. <u>Notice of Effective Date</u>. Within five (5) Business Days following the occurrence of the Effective Date, the Reorganized Debtor shall file notice of the occurrence of the Effective Date with the Bankruptcy Court and shall serve a copy of same on (a) the United States Trustee; and (b) the entities that have requested notice in this case pursuant to Bankruptcy Rule 2002.

22. <u>Reference to Plan Provisions</u>. The failure to specifically include or reference any particular provision of the Plan in this Confirmation Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the Plan be confirmed in its entirety.

23. <u>Inconsistency</u>. In the event of an inconsistency between the Plan and any other agreement, instrument, or document intended to implement the provisions of the Plan, the provisions of the Plan shall govern unless otherwise expressly provided for in such agreements, instruments, or documents. In the event of any express inconsistency between the Plan and any

**FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER UNDER 11 U.S.C. § 1129 CONFIRMING DEBTOR'S THIRD AMENDED PLAN OF REORGANIZATION - Page 15**

14-10427 - #154  File 08/06/14  Enter 08/07/14 13:49:03  Main Document  Pg 15 of 17

agreement, instrument, or document intended to implement the Plan and this Confirmation Order, the provisions of this Confirmation Order shall govern.

24. <u>Enforceability</u>. Pursuant to Bankruptcy Code Sections 1123(a) and 1142(a) and the provisions of this Confirmation Order, the Plan and all plan-related documents shall apply and be enforceable notwithstanding any otherwise applicable non-bankruptcy law.

25. <u>Final Order</u>. This Confirmation Order constitutes a Final Order and no just cause exists for delay of this Confirmation Order.

26. <u>Administrative and Professional Fee Claims</u>. The deadline for filing all applications for payment of Administrative Claims shall be on or before thirty (30) days after the entry of this Confirmation Order. Any Administrative Claim filed after that date shall be deemed untimely filed and shall be disallowed. The deadline for objecting to such Administrative Claims is twenty-one (21) days after a request for payment of such Claim has been filed and served upon counsel for the Debtor. The deadline for submitting applications for compensation for services rendered in this case pursuant to Sections 327, 328, 330, 331, or 1103 (the "Professional Fee Claims") of the Bankruptcy Code prior to the Effective Date is sixty (60) days after the Effective Date. The deadline to object to final fee applications shall be the twenty-first (21st) day after such fee application has been filed. If the Debtor fails to make payments due under any order approving an Administrative Claim or a Professional Fee Claim, such will constitute a plan default, and such claimant shall have the right to pursue any and all rights to which it is entitled for the Debtor's failure to comply with the terms of the Plan and this Order.

# # #

**FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER UNDER 11 U.S.C. § 1129 CONFIRMING DEBTOR'S THIRD AMENDED PLAN OF REORGANIZATION - Page 16**

14-10427 - #154  File 08/06/14  Enter 08/07/14 13:49:03  Main Document  Pg 16 of 17

PREPARED AND SUBMITTED BY:

Rakhee V. Patel
State Bar No. 00797213
Frances A. Smith
State Bar No. 24033084
Christina W. Stephenson
State Bar No. 24049535
SHACKELFORD, MELTON & MCKINLEY, LLP
3333 Lee Parkway, Tenth Floor
Dallas, Texas 75219
(214) 780-1400 – Telephone
(214) 780-1401 – Telecopier
Email: rpatel@shacklaw.net
Email: fsmith@shacklaw.net
Email: cstephenson@shacklaw.net

and

Robert W. Raley & Associates
Robert W. Raley, La. Bar #11082
290 Benton Road Spur
Bossier City, LA 71111
Telephone: 318-747-2230
Fax: 318-747-0106
rraley52@bellsouth.net

**COUNSEL FOR DEBTOR**

**FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER UNDER 11 U.S.C. § 1129 CONFIRMING DEBTOR'S THIRD AMENDED PLAN OF REORGANIZATION - Page 17**

14-10427 - #154  File 08/06/14  Enter 08/07/14 13:49:03  Main Document  Pg 17 of 17